Opinion by
Woodside, J.,
This is an appeal from an order of the Public Utility Commission refusing to abolish a highway crossing of the Reading Company railroad.
A dirt township road passes under the railroad approximately 1.3 miles north of Linfield Station in Montgomery County. The Reading Company petitioned the Public Utility Commission for permission to abolish the crossing, and another crossing not involved in this appeal, “in order to eliminate the unnecessary bridges and permit the applicant to fill the underpasses.”
The Public Utility Law provides that no highway crossing of a railroad at grade or above or below grade shall be abolished without an order of the Public Utility Commission which is “vested with exclusive power” ,to grant such permission. Public Utility Law of May 28, 1937, P. L. 1053, §409(a) & (b), as last amended by the Act of May 25, 1945, P. L. 1012, §1, 66 P.S. §1179(a) & (b).
The petitioner had the burden of showing that the subway should be abolished. It did not meet that burden.
The appellant’s chief interest in this appeal seems from its evidence and brief to be its alleged right to *52 keep Paul Knapp, a farmer, who owns land on both sides of the railroad from crossing its right-of-way to get to his land. The railroad company purchased a strip of land for use as its right-of-way from Knapp’s predecessor in title. This narrow strip lies between the public highway which passes under the railroad and that part of Knapp’s land which is along the river and to which he apparently has no other means of access. Although he and his predecessor in title have been crossing this land for over a half century, the Reading Company argues that he has no right to do so because in 1906 the company acquired title in fee simple to the strip without any reservation by the seller of a right-of-way to the remaining part of his land, now owned by Knapp. Whether or not the appellant can prevent Knapp from crossing its land after he goes through the subway on the public highway is not important here, and we would not have made any reference to it were it not for the extent to which the appellant’s evidence and brief were devoted to the law and facts relating to this strip of land.
It is important to this case that a public road passes under the railroad tracks, that the highway is used by Knapp and by others, although infrequently, that it is available for use by the fire company should it become necessary to pump water from the river, and that the township supervisors expressed a desire to continue the use of the subway for the township road.
The surprising part of this case is that the appellant has no intention of abandoning the subway for many years. The stone arch bridge which carries the railroad over the highway “has withstood the test of time already and a stone arch bridge to our way of thinking,” says the appellant, “is about the sturdiest bridge that we have.” Its life from the time of the hearing was “not less than ten years and it may be much longer than that ... it can last for the foresee *53 able future.” The appellant said further that it intended “to continue using the underpass for [its] own access from one side to the other ... as long as the bridge is capable of doing that.” As suggested in the commission’s brief, “the railroad company and the Eastern Real Estate Company [a wholly owned subsidiary of the appellant which owns adjacent land], have no desire to abolish this crossing at all. They simply want to take it over as their own private facility.”
Order affirmed.